UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-80079-CIV-COHN/REID

RODNEY THOMAS,

    Plaintiff,

v.

SHERIFF RIC BRADSHAW,
et al.,

    Defendants.
_____/

## ORDER ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** is before the Court upon the Report of Magistrate Judge Re: Defendants' Motions for Summary Judgment [DE 80] ("Report") submitted by United States Magistrate Judge Lisette M. Reid regarding Defendant Dena Paquette's Motion for Summary Judgment [DE 59] and the Motion for Summary Judgment filed jointly by Defendants Michael McInnis and Mark Putnam [DE 63] (collectively, the "Motions"). Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the Motions, the Report, Plaintiff Rodney Thomas' Objections [DE 83], and the record in this case, and is otherwise advised in the premises. Upon careful consideration, the Court will adopt the Report, overrule Plaintiff's Objections, and grant the Motions for Summary Judgment.

Plaintiff brings this § 1983 action against Defendants for events that occurred while he was housed at Palm Beach County Jail ("PBCJ"). Plaintiff has a history of chronic kidney disease with hemodialysis. DE 80 at 25. He was prescribed a renal diet on September 30, 2017. Id. He claims that Defendants were deliberately indifferent to

a serious medical need because they knowingly failed to provide him with a medically appropriate renal diet.  DE 15.

Defendant Paquette is the Food Service Director at PBCJ.  In her Motion, she argues, *inter alia*, that Plaintiff's claim must be dismissed because he failed to exhaust his administrative remedies and because he has failed to show that she acted with deliberate indifferent to his medical needs.  Defendants McInnis and Putnam are employed by the Palm Beach County Sheriff's Office as corrections officers.  They preserved the affirmative defense of failure to exhaust administrative remedies in their Answer to Plaintiff's Amended Complaint, DE 41, but did not seek dismissal of Plaintiff's claim on this basis in their Motion.  DE 63.  Rather, they argue, *inter alia*, that there is no evidence that they were deliberately indifferent to Plaintiff's medical needs or that they were the legal cause of any injuries suffered by Plaintiff.  Id.

In her Report, Judge Reid concludes that Plaintiff failed to properly use the grievance procedure at PBCJ because he "failed to appeal any single grievance related to his allegation that he did not receive a medically appropriate diet."  DE 80 at 20.  Accordingly, Judge Reid determined that Defendant Paquette's Motion should be granted to the extent that it seeks summary judgment based on Plaintiff's failure to exhaust his administrative remedies.  Id. at 20-21.  Judge Reid also found that Defendants' Motions were due to be granted because Plaintiff failed to show that Defendants were deliberately indifferent to his medical needs or that there was any causal connection between the indifference and any injury.  Id. at 25-31.

Plaintiff's Objections are primarily restatements of the unsupported allegations he made in opposition to the Motions.  See DE 83.  As to the exhaustion issue, Plaintiff

does not dispute that he failed to appeal a single grievance. Rather, he explains that he did not appeal certain of his grievances because they were resolved to his satisfaction and alleges generally that he was unable to appeal other grievances. DE 83 at 3. He also pleads "excusable negligence" for his failure to exhaust his administrative remedies but does not offer any supporting facts or explanation. Id. at 4. Finally, Plaintiff seeks to defer summary judgment because he claims to be unable to access supporting documents that are being stored at the prison. Id. Apparently, these documents consist "of the proceedings in this case prior to 9/22/2019 . . . and the case law and research relevant to [Plaintiff's] claim." Id. at 3.

The Court finds Plaintiff's Objections to be without merit. As noted in the Report, "the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." DE 80 at 8 (citing Ross v. Blake, 136 S. Ct. 1850, 1858 (2016)). The record clearly demonstrates that Plaintiff failed to exhaust available administrative remedies. Rather than pursuing administrative appeals, Plaintiff filed numerous duplicative grievances. Plaintiff's argument that his failure to exhaust administrative is justified by excusable neglect is devoid of legal or factual support. Further, Plaintiff has not shown that his alleged inability to access supporting documents justifies deferring summary judgment. Plaintiff has had ample opportunity to oppose the facts and evidence cited by Defendants but has failed to do so or show how any specific supporting documents would apply to the issues raised in the Motions and Report.

On the merits, the Court also agrees with Judge Reid that Plaintiff's claims are either contradicted by the record or insufficient to state a claim of deliberate indifference

3

against Defendants. In his Objections, Plaintiff fails to show any error in Judge Reid's analysis or her conclusions that: (1) Plaintiff's renal diet was prescribed after his alleged medical conditions and was not the cause of any medical conditions, and (2) that Plaintiff's claims "essentially amount[ ] to a disagreement about which foods should be on a renal diet." DE 80.

The Eleventh Circuit has explained that "deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999). Plaintiff has simply failed to show that there is any evidence in the record that Defendants disregarded a risk of serious harm by conduct that is more than mere negligence. As noted in the Report, Plaintiff complained about foods that were specifically included in a renal diet and complained that he wanted to receive food items that were specifically excluded from a renal diet. While Plaintiff disagrees with which foods should be included in a renal diet and asserts that certain of his meals were not nutritionally adequate, the Court agrees with Judge Reid that this is insufficient to support a deliberate indifference claim. See DE 80 at 29 (citing Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989)) ("[A] simple difference in medical opinion" does not constitute deliberate indifference."). Further, as noted in the Report, Plaintiff did not challenge any of the material facts stated in Defendants' statements of uncontroverted facts, which amounts to an admission. See S.D. Fla. L.R. 56.1(c). Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The Court will **ADOPT** the Report of Magistrate Judge Re: Defendants' Motions for Summary Judgment [DE 80].

2. Plaintiff Rodney Thomas' Objections [DE 83] are **OVERRULED**.

3. Defendant Dena Paquette's Motion for Summary Judgment [DE 59] and the Motion for Summary Judgment filed jointly by Defendants Michael McInnis and Mark Putnam [DE 63] are **GRANTED**.

4. The Court will enter a separate Final Judgment consistent with this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 3rd day of September, 2020.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:
United States Magistrate Lisette M. Reid
Counsel of record via CM/ECF
Pro se parties via U.S. mail to address on file